UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 22, 2013

LETTER TO COUNSEL:

      RE:    *Nicholas Naglieri v. Commissioner of Social Security*; Civil No. SAG-11-3031

Dear Counsel:

      On October 24, 2011, the Plaintiff, Nicholas Naglieri, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 12, 24). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). For the reasons that follow, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Mr. Naglieri filed his claims on April 21, 2006, alleging disability beginning December 22, 2005. (Tr. 105-13). His claims were denied initially on July 20, 2006, and upon reconsideration on May 10, 2007.[1] (Tr. 57-61, 63-64). A hearing was held on December 16, 2008 before an Administrative Law Judge ("ALJ"). (Tr. 24-54). Following the hearing, on March 11, 2009, the ALJ determined that Mr. Naglieri was not disabled during the relevant time frame. (Tr. 10-23). The Appeals Council denied Mr. Naglieri's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Mr. Naglieri suffered from the severe impairments of bipolar disorder, low back pain, and neck pain. (Tr. 15). Despite these impairments, the ALJ determined that Mr. Naglieri retained the residual functional capacity ("RFC") to "perform the

---

[1] Mr. Naglieri contends that because the initial denial and reconsideration letters are undated, and because his request for reconsideration is missing from the file, remand is required. (Pl. Mot. 1-3). However, that argument lacks merit for several reasons. First, the file contains the "Disability Determination Transmittals" for both denial letters, which are dated July 20, 2006 and May 10, 2007, respectively. (Tr. 55-56). Those dates appear to be accurate, because Mr. Naglieri filed his request for hearing on May 24, 2007, indicating that he had received the reconsideration denial. (Tr. 65). Moreover, although the date Mr. Naglieri filed for reconsideration is not evident from the record, the agency did not contest the timeliness of his request, which was processed in the normal course. Mr. Naglieri fails to explain how remand on this procedural basis would change the status of his claim, because the substance of the ALJ's decision would remain the same. Because Mr. Naglieri suffered no prejudice, the absence of dates on the denial and reconsideration letters is entirely immaterial.

*Nicholas Naglieri v. Commissioner, Social Security Administration*
Civil No. SAG-11-3031
March 22, 2013
Page 2

full range of sedentary work as defined in 20 CFR 404.1567(b)." (Tr. 17). After considering the testimony of a vocational expert ("VE"), and Medical-Vocational Rule 201.24, the ALJ determined that Mr. Naglieri could perform jobs that exist in significant numbers in the national economy, and that he therefore was not disabled during the relevant time frame. (Tr. 21-23).

Mr. Naglieri presents three arguments on appeal: (1) that the ALJ did not obey the treating physician rule; (2) that he meets the requirements of Listing 1.04A, disorders of the spine, and of Listing 12.04, affective disorders (Pl. Mot. 31-32); and (3) that the ALJ's hypothetical questions were improper and inadequate. Each of Mr. Naglieri's arguments lacks merit.

Mr. Naglieri first argues that the ALJ failed to follow the treating physician rule by not giving controlling weight to the opinions of his primary physician, Dr. David Martin, and his treating psychiatrist, Dr. Anita Everett. (Pl. Mot. 28-31). In support of this argument, Plaintiff cites reports written by Drs. Martin and Everett indicating that he would be unable to perform the exertional and mental requirements of sedentary work. (Tr. 347-48, 350-52, 448-50, 458-61). However, the treating physician rule does not always require adoption of a treating health care provider's opinion. While the ALJ must generally give more weight to a treating physician's opinion, *see* 20 CFR §§ 404.1527(c)(2) and 416.927(c)(2), where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590. In addition, the ALJ is not required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 CFR § 404.1527(d)(1); SSR 96-5p. Using those legal standards, the ALJ properly assigned weight to the opinions of both Dr. Martin and Dr. Everett.

The ALJ expressly considered, at some length, the treatment notes and opinions of both sources. The ALJ found that Dr. Martin's opinion was entitled to little weight because it was inconsistent with Dr. Martin's own treatment notes and with the balance of the evidence. (Tr. 19-20). For example, Dr. Martin's notes show that Mr. Naglieri had consistent but stable and manageable back and neck pain, which was mostly treated conservatively with medication. (Tr. 362-64, 366-68, 370). Yet, Dr. Martin's opinion imposed much more severe physical limitations in both nature and scope than those reflected in the treatment notes. (Tr. 20, 458-61) (suggesting that Mr. Naglieri would need to lie down for three hours of each eight hour workday and could not sit for six hours). Accordingly, the ALJ did not err in his assignment of weight to Dr. Martin's opinion.

Similarly, substantial evidence supports the ALJ's assignment of very little weight to Dr. Everett's opinion, because the medical records did not reflect the degree of mental limitation included in her medical assessment report. (Tr. 19-20). For example, Dr. Everett opined that Mr. Naglieri cannot maintain mental alertness for an eight-hour day; cannot withstand stress and pressures involved in a competitive workplace; cannot function independently without close supervision; cannot maintain appropriate relations with co-workers; cannot accept instructions from supervisors; and can perform only minimal exertional physical demands. (Tr. 19, 350-52,

*Nicholas Naglieri v. Commissioner, Social Security Administration*
Civil No. SAG-11-3031
March 22, 2013
Page 3

448-50). However, as the ALJ noted, this assessment is inconsistent with the medical records. In fact, Dr. Everett's own notes and treatment plan review indicates that Mr. Naglieri's mental condition was stable on medications and that he was working on ways to control and manage his symptoms. (Tr. 406). Moreover, other medical evidence in the record suggests that Mr. Naglieri is either "not significantly limited" or "moderately limited" in his mental activities and responses. (Tr. 341-43). As such, the ALJ properly assigned Dr. Everett's opinion little weight.

Mr. Naglieri also protests the ALJ's reliance upon the non-examining state agency physicians. However, this Court has recognized that an ALJ may rely on nonexamining physicians' opinions and may give those opinions greater evidentiary weight than treating source opinions. *See Epperson v. Astrue*, 09-cv-0416-PWG, 2010 WL 4340681, at *2 (D. Md. November 2, 2010).

Second, Mr. Naglieri argues that the ALJ erred at step three by failing to consider appropriately Listings 1.04A (spine disorders) and 12.04 (affective disorders). (Pl. Mot. 31-32). Mr. Naglieri contends that the ALJ's analysis of Listing 1.04A was insufficient because he failed to consider Dr. Martin's opinion that Mr. Naglieri met or equaled the criteria of 1.04A. However, as described above, the ALJ properly concluded that Dr. Martin's opinions were entitled to little weight. Moreover, administrative findings that are dispositive on the issue of disability, such as whether Listings are met, are reserved to the Commissioner, and no special significance is given to the opinion of a medical source on a reserved issue. *See* 20 C.F.R. § 404.1527(d); *see also* SSR 96-5p, 1996 WL 374183 (July 2, 1996) at *2. To satisfy Listing 12.04, Mr. Naglieri needed to show (1) a bipolar diagnosis under 12.04A, and (2) at least two of the following under 12.04B: marked restriction in daily living activities; marked difficulties in social functioning; marked difficulties in concentration, persistence, or pace; or repeated episodes of decompensation. 20 C.F.R. Pt. 404, Subpt. P, App.1, § 12.04. Mr. Naglieri relies on Dr. Everett's opinion to support his contention that he met the Listing, but, as discussed above, the ALJ properly assigned that opinion little weight. The ALJ's opinion, supported by substantial evidence, found no marked restriction in any functional area. (Tr. 15-16). Accordingly, the ALJ appropriately evaluated both Listings.

Finally, Mr. Naglieri contends that the ALJ's hypothetical question to the VE was improper and inadequate. (Pl. Mot. 33-36). I find no merit in this argument, because the hypothetical presented to the VE was supported by substantial evidence and adequately included all the limitations that were deemed credible by the ALJ. The ALJ is afforded "great latitude in posing hypothetical questions." *Koonce v. Apfel*, No. 9801144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988).

Mr. Naglieri first contends that the hypothetical only addressed lifting and never instructed the VE as to how long the ALJ found the individual could sit and/or stand throughout a normal work day. (Pl. Mot. 34). However, throughout his questioning, the ALJ clearly referred to sedentary work, which requires walking and standing no more than about two hours

*Nicholas Naglieri v. Commissioner, Social Security Administration*
Civil No. SAG-11-3031
March 22, 2013
Page 4

in an eight-hour work day and sitting six hours in an eight-hour work day. *See* SSR 83–10, 1983 WL 31251 (1983) at *5. Moreover, the experienced VE knew to consider all of the limitations associated with sedentary work, which comport with the RFC the ALJ found. For these reasons, the ALJ's hypothetical to the VE adequately addressed sitting and standing.

Mr. Naglieri next presents an exhaustive list of symptoms that he claims the ALJ should have included in his hypothetical questions to the VE. (Pl. Mot. 34-35). However, the ALJ did not find all of the alleged symptoms, or the severity of those symptoms, to be credible. (Tr. 21). The ALJ properly did not include several alleged symptoms that Mr. Naglieri believed could be possible side effects of medication he was considering taking in the future. (Tr. 20-21).

Mr. Naglieri's contention that the ALJ's hypothetical to the VE failed to incorporate his mental limitations is similarly deficient. (Pl. Mot. 35-36). The ALJ properly found that Mr. Naglieri was no more than mild to moderately limited in any area of functioning, a conclusion that was supported by substantial medical evidence in the record, including the opinions of the non-examining medical sources. (Tr. 16, 248-61, 327-40). Most of the limitations cited by Mr. Naglieri were derived from Dr. Everett's opinion and Mr. Naglieri's own testimony and statements. In light of the ALJ's adverse credibility finding and discounting of Dr. Everett's opinion, the ALJ properly did not include those limitations in his hypothetical to the VE.

Finally, Mr. Naglieri argues that the VE testified that a hypothetical individual could not work if he had to lie down three hours during a normal work day, miss at least 30 days of work per year, or could not mentally perform simple job duties. (Pl. Mot. 36). However, the ALJ correctly found that the evidence did not support these limitations, and thus properly did not adopt them in assessing Mr. Naglieri's RFC. Because they accurately summarized the limitations found by the ALJ in the RFC, the ALJ's hypothetical questions to the VE were complete, accurate, and based on substantial evidence in the record.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 12) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 24) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge